# Loughlin, Appellant, *v.* Tucker.

*Deed—Consideration for—Action—Covenant.*

Where a deed recites that the consideration money "had been well and truly paid," and a receipt therefor in ordinary form follows the acknowledgment, the grantor cannot maintain an action for the consideration money as on a breach of covenant in the deed. An averment in his statement of claim alleging nonpayment, to the effect that the premises were conveyed to the grantee "upon the promise and undertaking of said defendant in said indenture recited to pay the sum of $1,500," is not borne out by the deed. While the recital may be evidence that a contract to pay existed, a failure to pay the consideration is a breach of the independent contract, and not of a covenant in the deed.

Argued Oct. 12, 1911. Appeal, No. 158, Oct. T., 1911, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1910, No. 1,298, discharging rule for judgment for want of a sufficient affidavit of defense in case of Henry C. Loughlin, executor of the estate of Alice Hutchinson, deceased, v. Agnes G. Tucker. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for consideration money of a deed.

Rule for judgment for want of a sufficient affidavit of defense.

MARTIN, P. J., filed the following opinion:

Suit was brought to recover the consideration money mentioned in a deed conveying land. A statement of claim was filed, based upon the recital of the consideration, alleging nonpayment to be a breach of a covenant in the deed. An affidavit of defense was filed denying the existence of a covenant to pay.

The deed is in the usual form, and there is no covenant contained therein to pay the purchase money. On the contrary, it recites that the consideration of $1,500 has been paid, and a receipt for the money is attached to the deed. If the plaintiff should prove facts to contradict the receipt, this would not be sufficient of itself to establish a promise to pay in the form of a covenant. If a promise to pay can be inferred from the recital of the consideration in the deed, it is a promise existing before the execution and delivery of the deed, and not one arising out of it. The plaintiff may show that his testatrix entered into an agreement to convey the property described in the deed to defendant for $1,500, that the property has been conveyed, and the consideration not paid, the receipt to the contrary notwithstanding. That, however, is not the averment contained in the statement of claim in this case, but it is alleged that the premises were conveyed to the defendant "upon the promise and undertaking of said defendant in

508      LOUGHLIN, Appellant, v. TUCKER.

Opinion of Court below—Opinion of the Court.   [48 Pa. Superior Ct.

said indenture recited to pay the sum of $1,500." An examination of the copy of the deed attached to the statement of claim fails to disclose a promise or undertaking, it simply contains a recital that the consideration of $1,500 has been paid, indicating some prior agreement under which the promise was made. The promise to pay, to which the recital in the deed relates, was part of the contract to sell, which was a separate and distinct transaction from that of the deed; the latter being the instrument and means of carrying out or executing the former. If there was a breach of the contract, an action will lie, but a deed is not the contract, and contains no covenant except of title. While the recital may be evidence that a contract to pay existed, a failure to pay the consideration is a breach of the contract and not of a covenant in the deed.

Rule discharged.

*Error assigned* was order discharging the rule.

*George J. Edwards, Jr.*, for appellant.—The execution and delivery of the deed in this case operated as an extinguishment of any articles or prior oral agreement: Lehman v. Paxton, 7 Pa. Superior Ct. 259; Young v. Edwards, 72 Pa. 257; Baum v. Tonkin, 110 Pa. 569; Townsend v. Lacock, 222 Pa. 330.

"In consideration of" clearly implies an agreement: Fuller v. Schrenk, 68 N. Y. Supp. 781; Potts v. Land Co., 49 N. J. Law, 411 (8 Atl. Repr. 109).

*Frank P. Prichard*, with him *James A. Somers*, for appellee.

OPINION BY RICE, P. J., March 1, 1912:

In this action of assumpsit the plaintiff alleged, in his statement of claim, that the testatrix was, on March 23, 1900, seized in fee of certain premises, and that on that day, by indenture delivered to the defendant, she "granted and conveyed said premises unto the said defendant, in

fee, upon the promise and undertaking of said defendant
in said indenture recited to pay the sum of fifteen hundred
dollars lawful money of the United States as the consider-
ation for said conveyance." The statement then avers
that the defendant did not, on that day or at any time
prior thereto or thereafter, pay the consideration as in
said deed recited, or any part thereof, and that said con-
sideration still remains unpaid. The affidavit of defense
denies that the indenture recited any promise and under-
taking on the part of the defendant. This raised an issue
of law to be determined by the court upon inspection of
the deed, which was made part of the plaintiff's state-
ment. Referring thereto we find these words: "That the
said grantor for and in consideration of the sum of fifteen
hundred dollars as well as the further consideration of mu-
tual love and affection lawful money of the United States
of America unto her well and truly paid by the said grantee
at and before the sealing and delivery of these presents, the
receipt whereof is hereby acknowledged, have granted,"
etc. Following the acknowledgment is a receipt by the
grantor of the sum of $1,500, "being the full consideration
money herein mentioned." The counsel for the plaintiff
has presented a very learned and exhaustive brief to sus-
tain the propositions: (1) that notwithstanding such re-
cital in a deed, and the accompanying receipt, it is com-
petent for the grantor to show that the consideration
money was not paid; and (2) that a deed inter partes,
whereby an estate is conveyed to the grantee and the
estate conveyed is accepted by the grantee, although
only signed and sealed by the grantor, is the deed of both
parties and the grantee is bound by the covenants therein
contained on his part and can be held in an action of
covenant (now assumpsit) for the breach of the same.
As to the first proposition, there can be no dispute under
the authorities; and, while some variance of opinion has
been expressed in the cases, as to the second proposition,
it may, for present purposes, be conceded to be sound.
The difficulty is, that the averment of a promise and under-

taking recited in the deed is not sustained by the deed itself. It is not as if the words were, in consideration of the sum of $1,500, "to be paid." The recital is of a past or executed consideration, and though, in a proper action to recover the purchase money, that recital might be contradicted, it does not, of itself, prove the promise and undertaking alleged in the statement. This idea is fully elaborated in the opinion filed by the learned judge of the common pleas, and we all agree in the conclusion that judgment for want of a sufficient affidavit of defense was properly denied, upon the ground above stated. This conclusion renders it unnecessary to discuss the question raised by the affidavit of defense as to the applicability of the statute of limitations to any promise that may have been made.

The appeal is dismissed at the costs of the appellant, without prejudice, etc.